IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIMOTHY WAYNE HAYMON                                                    PLAINTIFF

v.                                    Civil No.: 1:10-cv-01049

KEN JONES *et al.*                                                      DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Timothy Wayne Haymon (Plaintiff) filed this case pro se and *in forma pauperis* on July 13, 2010, under 42 U.S.C. § 1983.  ECF No.  1.  Now before the Court is the second Motion to Dismiss, ECF No.  18, filed by Defendants.  Plaintiff has not responded to the second Motion to Dismiss.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T.  Dawson, United States District Judge for the Western District of Arkansas.  For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss, ECF No.  18, be **GRANTED**.

I.      Background

Plaintiff filed his Complaint alleging denial of medical care, racial discrimination and failure to protect him from harm by other inmates.  ECF No.  1.  On August 12, 2010, Defendants filed a notice stating that they sent mail to Plaintiff's address of record and that mail was returned to counsel reflecting that Plaintiff was no longer at the Union County Criminal Justice Facility.  ECF No.  12. Defendants stated they obtained the last known address of record from Plaintiff on August 5, 2010. *Id.*  Defendants resent their Answer and discovery requests to this address and it was returned reflecting that Plaintiff was not at this address.  *Id.*  Defendants then sought to dismiss this case due to Plaintiff's failure to keep a current address of record with the Court, as required by Local Rule 5.5. ECF No.  13.

This Court recommended denial of the prior motion to dismiss, as Plaintiff had been re-incarcerated at the Union County Sheriff's Office, his address of record.  ECF No.  14.  This Report and Recommendation was adopted by the District Judge.  ECF No.  15.  Defendants come now in their second Motion to Dismiss, ECF No.  18, and state that Plaintiff is not longer incarcerated at the Union County Detention Center, his address of record, and attempts to contact him at his last known address have failed.

## II.      Applicable Law

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.     Discussion

Mail sent to the Plaintiff has not been returned to the Court.  However, a review of the inmate roster from the Union County Sheriff's Office shows that Plaintiff is not currently incarcerated at his address of record.  UNION COUNTY SHERIFF'S OFFICE, http://66.76.205.182:3500/inmatesnow.aspx (last visited September 21, 2011).  From the booking information obtained by the Court from

www.justicexchange.com, there is no other address available for Plaintiff, other than the address

attempted by the Defendants.  Moreover, Plaintiff has been clearly cautioned regarding his obligations

to the Court under Local Rule 5.5 to keep a current address with the Court.  (*See* ECF No.  14, 15).

## III.  Conclusion

For the forgoing reasons, I recommend that Defendants' Motion to Dismiss, ECF No.  18,

be **GRANTED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in
which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely
objections may result in waiver of the right to appeal questions of fact.  The parties are
reminded that objections must be both timely and specific to trigger de novo review by the
district court.**

**DATED this 29th day of September 2011.**

/s/ Barry A.  Bryant
HON.  BARRY A.  BRYANT
U.S.  MAGISTRATE JUDGE